| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Chapter 7 |
| ------------------------------------------------------------------X | Case No. 12-73024 (reg) |
| In re | |
|     JEFFREY ST. CLAIR and CATHLEEN ST. CLAIR, | Hearing: October 7, 2013 |
|                                     Debtors. | |
| ------------------------------------------------------------------X | |
| ------------------------------------------------------------------X | Adversary Proceeding No.<br>13-8044 (reg) |
| CADLES OF GRASSY MEADOWS II, L.L.C. | |
|                                       Plaintiff, | |
|                          -against- | |
| JEFFREY ST. CLAIR and CATHLEEN ST. CLAIR, | |
|                                   Defendants. | |
| ------------------------------------------------------------------X | |

**AFFIRMATION OPPOSITION TO MOTION**
**BY DEFENSE COUNSEL TO BE SUBSTITUTED**

TO THE HONORABLE ROBERT E. GROSSMAN
UNITED STATES BANKRUPTCY JUDGE:

      STEVEN GIORDANO, an attorney duly admitted to practice before this Court, under the penalties of perjury affirms the truth of the following:

      1.     I am an associate attorney with of the firm of VLOCK & ASSOCIATES, P.C., attorneys for Cadles of Grassy Meadows II, L.L.C., the Plaintiff in the above-referenced adversary proceeding.

      2.     I am fully familiar with the facts and circumstances stated herein.

      3.     I make this affirmation in opposition to motion by defense counsel to withdraw/be substituted as counsel for Defendants Jeffrey St. Clair and Cathrine St. Clair in this matter.

4. **In this matter, as shown below, the Court already ruled that Ms. Joseph shall not be relieved as counsel.**

5. The Court has already determined that, throughout the course of this matter, Defendants have purposely engaged in a course of conduct where they delayed the resolution of these proceedings, committed perjury by filing false and fraudulent statements, and violated multiple Orders of this Court and withheld documents in their possession, custody and control. Furthermore, the Court has set forth that defense counsel, Narissa Joseph, Esq., was either lying to the court or grossly negligent. Thereafter, Ms. Joseph <u>admitted</u> that she was grossly negligent for making declarations on the record which were untrue. See page 6 of the transcript of the Hearing before this Court on April 3, 2013, attached hereto as Exhibit "A."

6. Thereafter, the Court determined that Ms. Joseph was, in fact, grossly negligent. Specifically, the Court set forth:

> THE COURT: Well obviously your control over this client leaves a lot to be desired, and your conduct in this case is something that we're going to deal with and get to. It may be fine.
>
> But I have a great deal of concern when we have a system where lawyers, which is why you went to law school, why you were admitted to the bar, why you went through being called a professional, come into court and on repeated representations are either grossly negligent in understanding what you're saying or lying.
>
> Now you say you're not lying, so I'll accept that for the moment, so you're just grossly negligent in what you're doing.

*See page 7 of the transcript of the Hearing before the Court on April 3, 2013, attached hereto as Exhibit "A."*

7. On page 10 of the transcript of the Hearing on April 2, 2013, the Court affirmatively set forth that Ms. Joseph would **not** be relieved as counsel on this case and that she was going to take the matter until it was fully resolved. Specifically, the Court set forth:

> I'm going to have this box where you're in it, but you're in it, and **you're not being relieved on this case.** You're going to try this case. **You're going to take this case until the end.**

*See page 10 of the transcript of the Hearing before the Court on April 3, 2013, attached hereto as Exhibit "A" [Emphasis added].*

8. Now, the spite of, and in direct contravention of, the Court's Order from the bench on April 3, 2013, outlined above, defense counsel Narissa Joseph, Esq., wishes to be relieved as counsel. This is simply a continuation of the Defendants' improper conduct.

9. Even worse, the instant improper motion to be relieved is filed after two (2) affirmations in opposition to Plaintiff's motion for summary judgment by two (2) separate defense attorneys. Clearly, this is simply yet another improper tactic carried on by the Defendants and their counsel.[1]

10. The conduct by Defendants and their counsel is frivolous and prejudicial because Plaintiff already submitted Reply to the first (1st) Affirmation in Opposition by defense counsel Narissa Joseph, Esq., on Friday, September 6, 2013. Thereafter, on Sunday, September 8, 2013 at approximately 10:30 p.m., a Sur-Reply Affirmation, improperly filed as an Emergency Memorandum of Law, but labeled an Affirmation in Opposition by Karimvir Dahiar, Esq.

---

[1] The Court should note that there is no Notice of Motion, no return date set, and no Consent to Change Attorneys filed with defense counsel's motion. For this reason alone, the said deficient motion should be denied.

11. Then, Defendants and their counsel simply acted like they could ignore the Court's Orders, again, set their own rules and proceed as they wish. In fact, Narissa Joseph, Esq., simply failed to appear on Court on the return date for Plaintiff's motion for summary judgment on September 9, 2013.

12. On the return date for the motion, Plaintiff's counsel raised the issue of the improper Sur-Reply and the Court agreed that no proper substitution occurred. However, rather than disregarding the improper Sur-Reply and deciding the motion, the Court adjourned the proceedings until October 7, 2013.

13. Nevertheless, the motion should be decided on the papers already submitted by Plaintiff and defense counsel, Narissa Joseph, Esq., in opposition thereto. Defendants cannot simply be permitted to change attorneys, <u>against the Order of this Court</u>, simply to put in further papers and arguments in opposition to the motion for summary judgment <u>after</u> the motion was fully submitted and responded to. Such conduct should not be condoned.

14. Accordingly, this Court already ruled that defense counsel would not be relieved and would take this matter to the end. Furthermore, the Court should disregard the wholly improper Sur-Reply Affirmation filed by Karimvir Dahiar, Esq., on September 8, 2013, at 10:30 p.m. after the Motion for Summary Judgment was fully submitted.

WHEREFORE, it is respectfully requested that the Court grant Plaintiff's motion in its entirety, together with such other and further relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
September 10, 2013

*/s/ Steven Giordano*
STEVEN GIORDANO

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 10, 2013, I caused a copy of REPLY AFFIRMATION and supporting documents to be served by ECF and/or mail upon the following:

Narissa A. Joseph, Esq.
277 Broadway, Suite 501
New York, New York 10007
(212) 233-3060

Jeffrey St. Clair
3001 Ann Street
Baldwin, New York 11510

Cathleen St. Clair
3001 Ann Street
Baldwin, New York 11510

Richard L. Stern, Esq,
Macco & Stern, LLP
135 Pinelawn Road
Suite 120 South
Melville, New York 11747

United States Trustee
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:   New York, New York
         September 10, 2013

                                    */s/ Steven Giordano*
                                    STEVEN GIORDANO