UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

                                                                                                   Case No. 812-73024-reg

JEFFREY ST. CLAIR and
CATHLEEN ST. CLAIR,

                                                                                                   Chapter 7
                            Debtor.
-----------------------------------------------------------------x
CADLES OF GRASSY MEADOWS II, LLC,

                            Plaintiff,                Adv. Proc. No. 813-8044-reg

vs.

JEFFREY ST. CLAIR and
CATHLEEN ST. CLAIR,

                            Defendants.
-----------------------------------------------------------------x

## FINAL PRETRIAL ORDER

1. The Initial Pretrial Order, dated June 13, 2013, is hereby amended to extend the deadline for discovery until March 14, 2014.

2. A trial shall be held on April 24, 2014 at 10:00 a.m., in Courtroom 860, United States Bankruptcy Court, Central Islip, New York.

3. The parties are ordered to file by April 17, 2014, a Joint Pretrial Memorandum approved by all counsel and unrepresented parties, which shall set forth the following:

    (A)    The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

    (B)    A list of witnesses whose testimony is expected to be presented by means of a deposition and, if taken stenographically, a transcript of the pertinent portions of the deposition testimony.

    (C)    A list of witnesses intended to be called as experts, together with any objections to their qualification.

    (D)    A list of (i) all exhibits stipulated to be admissible, (ii) plaintiff's proposed additional exhibits and (iii) any other party's proposed additional exhibits. Such

        lists shall make reference to all documents or other exhibits which the party expects to offer at trial (except those to be used for impeachment or rebuttal), including depositions, with reference to date and page number of transcripts, answers to interrogatories and responses to requests for admissions. Exhibits not objected to will be listed as marked in evidence, subject to the Court's approval. Additional exhibits shall be marked for identification Each exhibit listed shall be given a proposed designation (numbers for plaintiff; letters for defendant; initials to be added if multiple plaintiffs or defendants).

(E)     A statement of any objection, together with the grounds therefor, reserved as to the admissibility of a deposition designated by another party and/or to the admissibility of documents or exhibits. Objections not so disclosed, other than objection under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

(F)     A statement confirming that the parties have exchanged copies of the exhibits.

(G)     Facts which are admitted and which require no proof.

(H)     The issues of fact which remain to be litigated (evidence at trial shall be limited to these issues).

(I)     The issues of law to be determined.

(J)     A brief statement summarizing the Plaintiff's case.

(K)     A brief statement summarizing the Defendant's case.

4. Two days in advance of the above trial date, the parties shall bring to the Court at least one copy of each exhibit listed in the joint pretrial memorandum referred to in paragraph 2, above. On the date of trial, the parties shall bring sufficient copies of all exhibits to Court so that a copy is available for the Court, the Courtroom Deputy, the witness and all counsel. Exhibits shall be assembled in notebooks tabbed with appropriate exhibit numbers and shall be available at the commencement of trial. All exhibits must be pre-marked in advance of the trial. The court will commence the trial at the scheduled time and will expect counsel to be ready. If necessary, counsel should appear in Court 30 minutes prior to the scheduled trial to pre-mark exhibits if that has not been accomplished in advance.

5. Counsel may, but need not, file trial briefs, which shall be filed seven (7) days prior to trial.

6. The Court may require counsel to submit proposed findings of fact and conclusions of law at the conclusion of trial**.**

7. Failure to strictly comply with all of the provisions of this order may result in the automatic entry of a dismissal or a default as the circumstances warrant in accordance with Fed. R. Civ. P. 16, made applicable to this proceeding by Fed. R. Bankr. P. 7016.

**Dated: Central Islip, New York**
**February 9, 2014**

_____
**Robert E. Grossman**
**United States Bankruptcy Judge**