| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Chapter 7 |
| ---------------------------------------------------------------------X<br>In re | Case No. 12-73024 (reg) |
|    JEFFREY ST. CLAIR and CATHLEEN ST. CLAIR, | Hearing date:   April 24, 2014<br>at 10:00 A.M. |
|                                                  Debtors.<br>---------------------------------------------------------------------X | |
| ---------------------------------------------------------------------X<br>CADLES OF GRASSY MEADOWS II, L.L.C. | Adversary Proceeding No.<br>13-8044 (reg) |
|                                                  Plaintiff,<br>                                 -against-<br>JEFFREY ST. CLAIR and CATHLEEN ST. CLAIR,<br>                                                Defendants.<br>---------------------------------------------------------------------X | |

## JOINT PRETRIAL MEMORANDUM

TO THE HONORABLE ROBERT E. GROSSMAN
UNITED STATES BANKRUPTCY JUDGE:

      Pursuant to the Final Pretrial Order of Judge Robert E. Grossman, dated February 9, 2014, counsel for Plaintiff and Defendants hereby set forth the following information:

      **A.**    **Name, Address and Telephone Number of Each Witness expected to be present and whom Plaintiff may call if the need arises:**

      Plaintiff intends to call as their witness:

      1.    Steven Giordano, Esq., 630 Third Avenue, New York, New York 10117, (212) 557-0020;

      2.    Jeffrey St. Clair, 3001 Ann Street, Baldwin, New York 11510, (516) 208-5634;

      3.    Cathleen St. Clair, 3001 Ann Street, Baldwin, New York 11510, (516) 208-5634; and

    4.    Narissa A. Joseph, Esq., 277 Broadway, Suite 501, New York, New York 10007, (212) 233-3060.

- Defendants are not presenting or calling anyone as their witness.

**B.** **A list of witnesses whose testimony is expected to be presented by means of deposition and transcripts of the deposition testimony:**

- Plaintiff intends to use the deposition testimony of:

1. Jeffrey St. Clair, 3001 Ann Street, Baldwin, New York 11510, (516) 208-5634 (See transcripts attached hereto as Exhibit "A." ; and

2. Cathleen St. Clair, 3001 Ann Street, Baldwin, New York 11510, (516) 208-5634 (See transcripts attached hereto as Exhibit "B.").

- Defendants do not intend to use any deposition testimony.

**C.** **A list of expert witnesses:**

1. None for either party.

**D.** **A list of (i) all exhibits stipulated to be admissible, (ii) Plaintiff's proposed additional exhibits and (iii) any other party's proposed additional exhibits:**

(i) Exhibits stipulated to be admissible:

- The parties consent to the admissibility of all documents listed by Plaintiff in paragraph D (ii).

(ii) Plaintiff plans to introduce the following documents and the attachments thereto Exhibits:

    1.    Adversary Complaint, dated April 5, 2014;
    2.    Order of the Court, dated June 26, 2012;
    3.    Email, dated July 18, 2012;

      4.     Subpoenas, dated August 6, 2012;
      5.     Plaintiff's counsel's letter, dated September 5, 2012;
      6.     Motion to Dismiss, filed on September 11, 2012;
      7.     So-Ordered Stipulation, dated October 4, 2012;
      8.     Defendants' Response, dated February 15, 2013;
      9.     Order, entered February 27, 2013;
      10.    Defendants' Affidavit, sworn to on March 3, 2013;
      11.    Deposition Transcript of Jeffrey St. Clair, from March 13, 2013;
      12.    Deposition Transcript of Jeffrey St. Clair, from March 14, 2013;
      13.    Deposition Transcript of Cathleen St. Clair, from March 14, 2013;
      14.    Order for Sanctions Against Defendants, dated May 20, 2013;
      15.    Answer by Defendants, dated May 8, 2013;
      16.    Motion for Summary Judgment, dated August 8, 2013;
      17.    Memorandum of Law in support of Motion for Summary Judgment, dated August 8, 2013;
      18.    Statement of Facts in support of Motion for Summary Judgment, dated August 8, 2013;
      19.    Affirmation in Opposition by Narissa Joseph, Esq., dated September 6, 2013;
      20.    Reply Affirmation as to Opposition by Narissa Joseph, Esq., dated September 6, 2013;
      21.    Sur-Reply Affirmation in Opposition by Karamvir Dahiya, Esq., dated September 9, 2013;
      22.    Reply Affirmation in response to Sur-Reply, dated October 3, 2013;
      23.    Transcript of Proceedings from and April 3, 2013;
      24.    Transcript of Proceedings from May 13, 2013; and
      25.    Plaintiff reserves the right to introduce any other evidence for the purpose of rebuttal.

(iii)    Defendants' exhibits:

- Defendants do not intend on submitting any exhibits.

**E.    Objections regarding the admissibility of the above-referenced exhibits:**

- None.

**F.    Plaintiff has both served Defendants and defense counsel with copies of the above-reference exhibits and/or they have been filed on the Court's ECF system.**

G. **Facts which are admitted and which require no proof:**

- **Plaintiff submits:**

1. The Court may take judicial Notice of all filings and Orders in this case;
2. All facts contained in Plaintiff's Statement of Facts, dated August 6, 2013.

- **Defendants submit:**

1. On May 11, 2012, the debtors, Jeffrey St. Clair and Cathleen St. Clair (collectively, "the debtors"), commenced an action in the bankruptcy court, entitled In re Jeffrey St. Clair and Cathleen St. Clair, No. 12-73024, by filing a voluntary petition for bankruptcy relief under Chapter 7, Title 11 of the United States Code. Plaintiff, CADLES OF GRASSY MEADOWS II, LLC (Cadles) is a creditor of the debtors pursuant to a judgment in the amount of one hundred forty eight thousand five hundred fifty-nine dollars and fifty-five cents ($148,559.55).
2. By order dated June 26, 2012 ("the Discovery Order"), the bankruptcy court directed the debtors to appear for examination and produce documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules") "at a time specified by [Cadles's] attorney upon twenty days' notice to Debtors and Debtors' counsel by service of a copy of the order and a subpoena by certified mail. On or about September 11, 2012, Cadles filed a motion to dismiss the bankruptcy action pursuant to 11 U.S.C. § 707 and for sanctions, or, in the alternative, for a conditional order of dismissal, based upon, inter alia, the debtors' alleged failure to comply with the Discovery Order and subpoenas issued in accordance therewith.
3. On April 5, 2013, Cadles commenced an adversary proceeding against the debtors in the bankruptcy court, entitled Cadles of Grassy Meadows II. L.L.C. v. Jeffrey St. Clair. et al., Adv. Pro. No. 8-13-08044-reg, seeking the denial of the debtors' discharge under II U.S.C. § 727. On or about August 8, 2013, Cadles filed a motion for summary judgment in the adversary proceeding, seeking the denial of the debtors' discharge pursuant to II U.S.C. §§ 727(a)(4)(A), (a)(4)(B), (a)(4)(D), (a)(6)(A), (a)(3) and (a)(2).
4. By order dated November 15, 2013 ("the Summary Judgment Order"), the bankruptcy court denied Cadles's motion for summary judgment in the adversary proceeding based upon the papers submitted in support of, and in opposition to, the motion and "the entire record in th[ e] case, including the record of the May 13,2013 hearing at which th[e] [bankruptcy court] indicated that the allegations of the section 727 adversary proceeding would be considered separate and apart from the imposition of sanctions against the Debtors * * *."  The bankruptcy court found: (1) "that it would

be fundamentally unfair to give collateral estoppel effect, in this section 727 proceeding, to [its] [Sanctions] Order***," (Summary Judgment Order at 2); and (2) "that there exist genuine disputes as to material facts in th[e] adversary proceeding,"

## H.  The issues of fact which remain to be litigated:

- **Plaintiff's position:**

1. Plaintiff's position is that there are no issues of fact and that all facts are deemed admitted upon the motion for summary judgment and Statement of Facts.

- **Defendants' position:**

1. Whether Defendants made a false oath or presented a false claim in connection with the case?
2. Whether Defendants refused to obey the Court Order, other than an order to respond to a material question or to testify?
3. Whether the defendants, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed— (A) property of the debtor, within one year before the date of filing of the petition; or (B) property of the estate, after the date of the filing of the petition.

## I.  The issues of law of law to be determined:

- Plaintiff's position:

1. The only issue of law is whether or not Defendants' debt should be deemed nondischargeable under 11 U.S.C. § 727.

- Defendants' position:

1. Whether statements made at Rule 2004 examination is a "False Oath" under 11 U.S.C. § 727 (a)(4) (A) made in connection with the case?
2. Whether statement made at Rule 2004 examination by one debtor collaterally applies to the joint debtor for the purposes of "False Oath?"
3. Whether statements made at Rule 2004 examination is a "False Oath" under 11 U.S.C. § 727 (a)(4) (A) and is a ground for denial of discharge?

    4. Whether an unintentional statements made at Rule 2004 examination is a "False Oath" under 11 U.S.C. § 727 (a)(4) (A) and is made in connection with the case?

    5. Whether false answers resulting from carelessness or ignorance can bar a discharge under under 11 U.S.C. § § 727 (a) (3), (4)?

    6. Whether a fraudulent conduct in connection with a particular debt can be grounds for an exceptions to discharge of that particular debt or all debts?

    7. Whether failure to comply with the Court direction regarding discovery demands, when there is no harm to creditors or estate, would that in itself constitute a ground for denial of discharge under 11 U.S.C. §727 (a)(6).

    8. Whether failure to produce documentations per discovery demand amounts of concealment of assets warranting denial of discharge under 11 U.S.C. 727 (a)(2).

    9. Whether the plaintiff could assert the powers of a panel chapter 7 trustee?

**J.  A brief statement summarizing Plaintiff's case:**

- Plaintiff's position is that the evidence submitted is undisputed and it has already been judicially determined by the Court within the Order for Sanctions, dated May 20, 2013, that Defendants (1) violated multiple Court Orders; (2) made false oaths or accounts; and (3) failed to turn over documents. Therefore, Defendants have violated multiple provisions of 11 U.S.C. § 727 and judgment should be granted denying discharge of the Defendants.

**K.  A brief statement summarizing the Defendants' case:**

- Defendants, husband and wife owing to personal difficulties filed for bankruptcy protection. Defendants produced all and every documents that they had under their control. Defendants did not make a false oath, did not conceal any assets and abided the court orders.

Dated: New York, New York
April 17, 2014

    VLOCK & ASSOCIATES, P.C.
    Attorneys for Plaintiff
    630 Third Avenue, 18th Floor
    New York, New York 10169
    (212) 557-0020

    By: *s/Steven Giordano, Esq.*
    Steven Giordano, Esq.


    Dahiya Law Offices, LLC
    Attorneys for Defendants
    75 Maiden Lane, Suite 506
    New York, New York 10038
    (212) 766-8000

    By: *s/Karamvir Dahiya, Esq.*
    Karamvir Dayhiya, Esq.