```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:
                                                                    Case No. 812-73024-reg
JEFFREY ST. CLAIR and
CATHLEEN ST. CLAIR,
                          Chapter 7
                          Debtor.
----------------------------------------------------------------x
CADLES OF GRASSY MEADOWS II, LLC,
                          Plaintiff,          Adv. Proc. No. 813-8044-reg
vs.

JEFFREY ST. CLAIR and
CATHLEEN ST. CLAIR,
                          Defendants.
----------------------------------------------------------------x
```

## NOTE ON THE INADMISSIBILITY OF DEPOSITION TRANSCRIPTS

Armed with the irrelevant plethoric depositions and manipulatively asserting them as prime evidence, Cadles of Grassy Meadows II, LLC, ("Cadles") ignores all substantive and procedural rules. It wants a helpless family, facing a dire predicament and dismemberment owing to financial ruin, to accept, the second loan as non-dischargeable so that this secondary market debt buyer [debt bought for pennies] can secure its profits. But at what cost, however that is not their concern--it is our concern though. The depositions are not admissible in evidence. There were no deposition or oral examination as envisioned under the federal rules in this case. And any transcripts of oral examination does not qualify to be a deposition under the federal rules. There was lot of acrimony between the parties and irrelevant remarks have gone in the record from both sides and it is all prejudicial to the interest of justice to judge the debtor-defendants from any imputed conduct. The reality is starkly clear, the family of the debtor is in a very tough state and anything impacting one member impacts the entire family with children. There is no complaint of any pre-petition grievances [which there is none], everything thing is based on alleged conduct of the parties during the case.

1

**Live witness at trial is the Law--Procedurally and substantively.**

It is clear that in all trials, the testimony of witnesses must be taken orally in open court, unless otherwise provided by an Act of Congress, the Federal Rules of Evidence, or other rules adopted by the Supreme Court. Fed. R. Civ. P. 43(a). Deposition testimony is only a substitute, not to be resorted to if the witness can appear in person. *Banks v. Yokemick*, 144 F. Supp. 2d 272 (S.D. N.Y. 2001);" *Loinaz v. EG & G, Inc.*, 910 F.2d 1, 8 (1st Cir. 1990) (finding a deposition as an inadequate substitute for the presence of that witness); *Napier v. Bossard*, 102 F.2d 467, 469 (C.C.A. 2d Cir. 1939) (per Learned Hand, J.) ("The deposition has always been, and still is, treated as a substitute, a second–best, not to be used when the original is at hand."). Thus, parties or witnesses who will be present at trial are generally not permitted to testify by way of deposition in lieu of live testimony. *Hillman v. U.S. Postal Service*, 171 F. Supp. 2d 1174 (D. Kan. 2001). Limited exceptions are provided to this basic principle under Rule 32. Cadles did not and could not have availed the exceptions the foregoing.

**Rule 32 does not permit allowance of Rule 2004 deposition**.

Rule 32 of the FRCP permits use of deposition only under limited circumstances and that too if is so allowed by the Federal Rules of Evidence. See *Kolb v. County of Suffolk*, 109 F.R.D. 125, 127 (E.D.N.Y. 1985):

> In considering the use of depositions at a trial. . . the problem has two aspects. First, the conditions set forth in Rule 32(a)must exist before the deposition can be used at all. Second, when it is found that these conditions authorize the use of the deposition, it must be determined whether the matters contained in it are admissible under the rules of evidence.

*County of Suffolk* citing 8 Wright & Miller, Federal Practice and Procedure Civil § 2142 at 449 (1971) (emphasis added).

Deposition testimony here is hearsay within the meaning of Rule 801 of the Federal Rules of Evidence, and to exacerbate, it is not even the deposition as permitted under the federal rules of civil procedure wherein the parties have a right to cross-examine. Bankruptcy Rules deposition under Rule 2004 is not a federal deposition as

envisioned under the federal rules of civil procedure, nor has it been accorded any such status.   Thus any mileage given to formal deposition can't be extended to Rule 2004.

Rule 32 allows deposition [not Rule 2004] only under exceptional grounds and Cadles did not and could not have proven that the requirements of Rule 32 have been met.  For instance, *Frazier v. Forgione*, 881 F. Supp. 879, 881 (W.D.N.Y. 1995) (plaintiff failed to show that he was more than 100 miles from place of trial, deposition testimony denied). Both the defendants were present for the trial; hence deposition testimony can't qualify under Rule 32.

## Rule 2004 is not Federal Rules Deposition

Deposition testimony is admissible at trial pursuant to Rule 32(a) if it satisfies a three-part test.

*First,* the deposition testimony must satisfy the requirement that "it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying" at the hearing or trial." Fed. R. Civ. P. 32(a)(1)(B).This condition cannot be satisfied.  Rule 2004 is a fishing expedition and federal objection are not applicable, also absent is ability to cross examine, as properly, many  courts have described a 2004 examination as being "unfettered and broad."  See, e.g*., In re Bounds*, 443 B.R. 729, 732-33,736 (Bankr. W.D. Tex. 2010*);*  In re Washington Mut., Inc., 408 B.R. at 50;  *In re North Plaza, LLC*, 395 B.R. 113, 122 (S.D. Cal. 2008);  In re Corso, 328 B.R. 375, 383 (E.D.N.Y. 2005) (quoting   *In re Wilcher*, 56 B.R. at 433 ("fishing expedition" allowed);  *In re Duratech Indus, Inc.,* 241 B.R. 283, 289 (E.D.N.Y. 1999) (stating that scope of examination under Rule 2004 is broader than discovery under Federal Rules of Civil Procedure and may be in the nature of "fishing expedition");  In re M4 Enters., Inc., 190 B.R. 471, 475-76 (Bankr. N.D. Ga. 1995*);  In re Table Talk, Inc.,* 51 B.R. 143, 145 (Bankr. D. Mass. 1985).With such broad scope, importing it as admissible is definitely interruptive of due process concern.  As so properly opined by bankruptcy judge C. Kathryn Preston, in matter of Robert Jeffrey Johnson, Case No. 06-51887, U.S. Bankruptcy Court. Southern District of Ohio, Eastern Division:

> Witnesses may be precluded from legal representation during the 2004 examination. *In re GHR Energy Corp.,* 33 B.R. 451, 454 (Bankr. D. Mass. 1983) 3 (quoting *In re Dupont Walston, Inc.,* 4 BCD 61, 63 (Bankr. S.D. N.Y. 1978)). Unlike a deposition, the right to object to questions may be denied and the right to cross-examine may be limited. *Id.* Those involved in a 2004 examination have no right to have the issues defined beforehand. See *In re Dinubilo*, 177 B.R. 932 (E.D. Calif. 1993). A 2004 examination is conducted for the purpose of, among other things, examining the acts, conduct or property of the debtor, any matter which may affect the administration of the Bankruptcy Estate or the debtor's right to a discharge. *See* Fed. R. Bankr. P. 2004(b). It is a wide-ranging "fishing expedition" that is intended to give parties in interest a tool to facilitate proper and efficient identification of assets of the estate and aid in its administration. For these reasons, a Rule 2004 examination normally is deployed only at the pre-litigation stages of a bankruptcy case. *Id.* It is well settled that once an adversary proceeding or contested matter is commenced, "the discovery devices provided for in [Bankruptcy] Rules 7026-7037 ... apply and Rule 2004 should not be used" as a substitute for a deposition. In re Lang, 107 B. R. 130, 131 (Bankr. N.D. Ohio 1989). *See also Sweetland v. Szadkowski (In re Szadkowski)*, 198 B. R. 140, 140-141 (Bankr. Md. 1996) (internal citations omitted). "Without any limiting principles on the use of Rule 2004 as a discovery tool, Rule 9014, adopting the Federal Rules of Civil Procedure for conducting discovery in contested bankruptcy matters, would be superfluous." *Id.*. Therefore, the Court cannot treat depositions and 2004 examinations interchangeably.

Supra, *In re Johnson* (2007). Thus, it is NOT "admissible under the Federal Rules of Evidence if the deponent were present and testifying."

*Secondly,* it was not used to impeach the testimony of the debtor defendants, rather Cadles wants this deposition, ultra-evidence admissible as it is. Fed. R. Civ. P. 32(a)(2). Deponents were present in the Court, thus absence ground is of no avail to Cadles. The Court also did not find any exceptional grounds for use of Rule 2004 deposition. Further, as stated in County of Suffolk, 109 F.R.D. 125, (E.D.N.Y. 1985), "Rule 32(a) and the Evidence Rules are cumulative."

*Thirdly,* the party against whom the deposition is offered must generally have been present or represented at the taking of the deposition, thus under Rule 32 (a), provides for use of a deposition transcript of a unavailable witness. There is no doubt that debtors-defendants were present at the hearing, however based on the foregoing, this elements on its own does not provide the basis for admission, as Rule 2004 is not federal deposition with attendant available objections and procedural safeguards.

With allegations of misconduct on both sides, even if a deposition satisfies all of Rule 32(a)'s conditions for admissibility, under Rule 32(b), a party may object to use of the deposition for any reason that would require exclusion of the evidence if the person were testifying live, as the deposition admission is prejudicial. Proper objection to such use of deposition was made at the trial and Cadles did not prove that either (1) that the use does comply with Rule 32(a) or (2) that the use is independently authorized by the Federal Rules of Evidence.

Thus, the Rules do not allow use of deposition testimony at trial in lieu of live testimony of available nonparty witnesses. "Unavailability" is effectively defined in Rule 32(a)(4) as follows: A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: (a) that the witness is dead; (b) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;(c) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;(d) that the party offering the deposition cannot procure the witness's attendance by subpoena; or(e) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used. Rule 32(a)(4).  However Cadles can't satisfy this requirement.

Rule 2004 examination and its transcript is not a federal rule deposition and thus even its excerpts can't be considered by the court. Examination and cross-examination of the deposed witness proceeds in the same manner as at trial. Fed. R. Civ. P. 30(c)(1). Here it was one sided examination, a "fishing expedition." It lacks the adversarial stance, a sine qua non of common law system.  Further, "[t]he examinee has no reciprocal right to make a discovery demand upon the movant*."* *In re Symington*, 209 B.R. 678, 687, 38 Collier Bankr. Cas. 2d (MB) 604, 25 Media L. Rep. (BNA) 1993 (Bankr. D. Md. 1997). The  procedural safeguards of discovery are absent: there need be no specific issue to be explored, the rules of evidence do not apply, there is no right to object, no right to cross-examine, and no right to have counsel present. *In re Aboukhater*, 165 B.R. 904, 912 (B.A.P. 9th Cir. 1994) (citing Norton Bankruptcy Rules Pamphlet 1993 to 94 Edition, Rule 2004(c), editor's comment at 125 to 26); *In re Dinubilo,* 177 B.R. 932, 939–940

(E.D. Cal. 1993). Thus some courts have wisely thought to exclude such evidence obtained in Rule 2004 examination from trial. See *In re Lang*, 107 B.R. 130 (Bankr. N.D. Ohio 1989); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414 (S.D. N.Y. 1993), judgment aff'd, 17 F.3d 600 (2d Cir. 1994) (bankruptcy examiners record not a judicial record).

A deposition also may not be used against a party if it is taken before the initial conference required by Fed. R. Civ. P. 26(f). Rule 26(d) provides that, except in categories of proceedings exempted from initial disclosure, or when authorized by the Federal Rules of Civil Procedure, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). The parties did not have the requisite Rule 26 conference. Actually no deposition ever took place in this matter. This is an independent plenary Adversary Proceeding under Rule 7001, it might emanate from the underlying bankruptcy case, however it is a distinct case. Rule 26(f) provides, in part, that as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due, the parties must confer to develop a discovery plan. A written report outlining the plan must be submitted to the court within 14 days after the conference. None was done here in this case. Clearly, a deposition is a record of testimony taken outside the courtroom that has been certified in conformity with the Federal Rules of Civil Procedure so that a court may regard it as equivalent to testimony delivered inside the courtroom under oath.

Cadles just cannot transport underlying bankruptcy case Rule 2004 examination to this matter. Here Cadles makes an improper attempt to color the transcripts as a product of deposition under federal rules. Cadles also uses prior pleadings as if it is an evidence itself--it is not. *In re Prime Realty, Inc.,* 380 B.R. 529, 536, 49 Bankr. Ct. Dec. (CRR) 71 (B.A.P. 8th Cir. 2007) (a party's statement made in a pleading in a prior case does not rise to the level of a judicial admission).

This trial court cannot consider the deposition and pleadings as evidence and no judicial notice of its content be taken.

Dated: New York New York

May 13 2014

/s/
_____
Karamvir Dahiya, for the debtors